UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI OLSON, | No. 2:18-cv-0475 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge erred by improperly rejecting plaintiff's testimony and medical opinion evidence. For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 4 & 5.)

1

# PROCEDURAL BACKGROUND

In January of 2015, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on September 9, 2010. (Transcript ("Tr.") at 15, 154-55.) Plaintiff's alleged impairments included lumbar spine surgery, chronic pain, and difficulty with postural activities. (Id. at 189.) Plaintiff's application was denied initially, (id. at 79-83), and upon reconsideration. (Id. at 86-90.)

Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on December 14, 2016. (Id. at 28-46.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 28-30.) In a decision issued on February 27, 2017, the ALJ found that plaintiff was not disabled. (Id. at 23.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2016.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of September 9, 2010 through her date last insured of March 31, 2016 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairment: degenerative disc disease (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she was able to stand/walk for 2 hours in an 8-hour day for 15 minutes at a time before needing to sit; sit for 6 hours in an 8-hour day; occasionally push/pull with the left lower extremity; occasionally bend, stoop, crawl, kneel, crouch or climb stairs. She was to avoid hazards such as unprotected heights and moving machinery.
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a dispatcher. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

        7. In the alternative, considering the claimant's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that the claimant also could have performed (20 CFR 404.1569 and 404.1569(a)).

        8. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 9, 2010, the alleged onset date, through March 31, 2016, the date last insured (20 CFR 404.1520(f)).

(Id. at 17-23.)

On January 5, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's February 27, 2017 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 5, 2018. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

        Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ's treatment of plaintiff's subjective testimony constituted error; and (2) the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 8) at 6-12.[3])

**I. Plaintiff's Subjective Testimony**

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

> there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

////

////

---

[4] In March of 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted). The decision here was rendered on September 21, 2016. (Tr. at 27.)

5

Here, with respect to plaintiff's testimony, the ALJ found as follows:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evident in the record for the reasons explained in this decision.
>
> The claimant alleges debilitation due to lumbar spine, back, leg and hand pain and difficulty sleeping and moving. Current pain is in the lumbosacral region of the back with radiation to the right and left buttocks and in the anterior aspect of her left thigh, separate from the buttock pain. She reported profound weakness of the left lower extremity, stating that she has to manually move her leg for position changes. The medical evidence shows that the claimant has a history of treatment for her conditions. However, examination showed that she is still able to move about and use her arms, hands and legs in a satisfactory manner.
>
> The claimant sustained injury to the lumbosacral region of her back while at work in September 2010. She reported that an MRI at that time showed that she had disc disease in that area, but she has had no radiological testing since that time.

(Tr. at 19.)

The ALJ's analysis is erroneous in several respects. First, the assertion—and import thereof—that plaintiff "showed that she is still able to move about and use her arms, hands and legs in a satisfactory manner" is entirely unclear. (Id.) And the ALJ fails to provide even a citation—let alone explanation—as to why plaintiff's ability to "use her arms, hands and legs," undermined her testimony. (Id.) "One does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

Moreover, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the

severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

And the ALJ's assertion that plaintiff "has had no radiological testing since" September of 2010, is false. (Tr. at 19.) On June 16, 2015, plaintiff underwent an "MRI LUMBAR SPINE WO CONTRAST." (Id. at 573.) The MRI revealed, "[s]mall annular disc bulge at L5-S1 is progressed compared to the prior study. Interval development of severe right neuroforaminal stenosis." (Id. at 574.)

For the reasons stated above, the court finds that the ALJ failed to offer a clear and convincing reason for rejecting plaintiff's testimony. Plaintiff is, therefore, entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's testimony constituted error.

## II. Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661,

671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

### A. Dr. Daniel J. Field, M.D.

Plaintiff first challenges the ALJ's treatment of the opinion offered by treating physician, Dr. Daniel Field. (Pl.'s MSJ (ECF No. 8) at 9-10.) The ALJ acknowledged Dr. Field's opinion, as part of a discussion of "Plymouth Family Practice physicians' opinions," stating:

> The claimant was diagnosed with possible L4 radiculopathy on the left by practitioners at Plymouth Family Practice. She exhibited edema, but no tenderness. She had decreased range of motion of the lumbar back, but no bony tenderness, swelling, edema, deformity, laceration, or spasm. They noted that she had been returned to modified duty in July 2014 with no lifting/carrying over 5 pounds and limitations as to bending, twisting, kneeling and squatting. The Plymouth Family Practice physicians' opinions are assigned great weight. They have closely followed the claimant's condition in their capacity as treating physicians and their opinions are consistent with the claimant's subjective complaints and the record that delineates slow progress following an industrial injury.

(Id. at 20.)

Despite purporting to afford Dr. Field's opinion "great weight" the ALJ's residual functional capacity, ("RFC"), determination did not account for Dr. Field's opined limitation that plaintiff could not lift/carry over 5 pounds. (Tr. at 18.) Defendant concedes that the ALJ failed to account for this limitation, but asserts that the ALJ committed no error as the result of "according weight to other opinions with less restrictive lifting and carrying limitations [.]" (Def.'s MSJ (ECF No. 12) at 30.)

However, a claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations."). In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those

8

that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

In this regard, the ALJ's RFC determination fails to account for plaintiff's limitation to lifting no more than 5 pounds, as indicated by Dr. Field's opinion. And the ALJ offered no reason for failing to credit Dr. Field's opinion with respect to this limitation. As such, the ALJ committed legal error. See Bagby v. Commissioner of Social Sec., 606 Fed. Appx. 888, 890 (9th Cir. 2015) ("The ALJ's RFC assessment limited Bagby to 'simple, repetitive tasks,' no contact with the public, and 'occasional interaction with coworkers.' It did not reflect Dr. Stuckey's finding that Bagby was limited in her ability to '[r]espond appropriately to usual work situations and to changes in a routine work setting.' This is distinct from Bagby's limited ability to interact with others, to understand, remember, and follow 'complex instructions,' and to 'make judgments on complex work-related decisions.'"); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (finding legal error where ALJ ignored medical evidence of claimant's impairments without explanation); Cotton v. Bowen, 799 F.2d 1403, 1408-09 (9th Cir. 1986) (finding legal error where ALJ's findings ignored medical evidence without giving specific, legitimate reasons for doing so), *superseded by statute on another point as stated in* Bunnell v. Sullivan, 912 F.2d 1149 (9th Cir. 1990)).

**B.     Dr. Sanford Selcon, M.D.**

Plaintiff next challenges the ALJ's treatment of the opinion offered by Dr. Sanford Selcon, an examining physician. (Pl.'s MSJ (ECF No. 8) at 10-11.) The ALJ discussed Dr. Selcon's opinion in some detail, stating:

> Sanford Selcon, M.D. conducted an internal medicine evaluation in May 2015. The claimant got on and off the examination table very slowly and with great difficulty because of weakness of the leg and back pain. Forward flexion was limited to 10 degrees only and she declined attempts of extension and lateral rotation. The claimant had normal sensation in both feet, although her left leg and foot were weak. There was marked paravertebral muscle spasm. She had

9

| | difficulty sitting, walking over 5-10 minutes, and lifting any significant weight because of the aggravation of back pain. The claimant was oriented to time, place and person. Memory appeared to be normal. Both upper and lower extremity strength was 5/5. Left lower extremity was 1/5 for knee and hip flexion and extension. There was no evidence of atrophy. Dr. Selcon diagnosed low back pain with radiculopathy, chronic pain syndrome and marked weakness of the left lower extremity. He assessed an ability to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk occasionally for 15 minutes at the very most in an 8-hour work period; and sit for less than 6 hours in an 8-hour work period. He noted profound limitations of climbing, stooping, kneeling, crouching, and bending which would be unable to be accomplished. There were no manipulative, visual, communicative, or workplace environmental limitation. He found a medical indication for a walker. |
|---|---|

(Tr. at 20-21.)

The detail with which the ALJ discussed Dr. Selcon's opinion and examination—including the objective findings supporting the opinion—stands in stark contrast to the ALJ's vague, conclusory, and unsupported treatment of Dr. Selcon's opinion. In this regard, the ALJ's entire analysis of Dr. Selcon's opinion consists of the following sentence, "Dr. Selcon's opinion is assigned partial weight, as it is somewhat contradictory with examination findings and the totality of the record that finds the claimant capable of lesser exertional demands." (Id. at 21.)

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

Accordingly, for the reasons stated above, the court finds that the ALJ failed to provide a specific and legitimate reason for rejecting the Dr. Selcon's opinion.

////

**C. Dr. Vinay M. Reddy, M.D.**

Finally, plaintiff challenges the ALJ's treatment of the treating opinion offered by Dr. Vinay M. Reddy, M.D. (Pl.'s MSJ (ECF No. 8) at 11-12.) What plaintiff characterizes as an opinion, however, is an October 10, 2013 treatment note containing the following sentence: "Note to excuse her from jury duty completed secondary to chronic LBP and inability to sit longer than 30-60 minutes." (Tr. at 342.)

"'In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Here, Dr. Reddy's notation simply reflects that on October 10, 2013, Dr. Reddy thought plaintiff could not sit for longer than 30-60 minutes to meet the demands of jury duty. It is unclear if Dr. Reddy thought this limitation would continue beyond October 10, 2013 or extend to basic work activity. And the ALJ's decision discussed and reviewed Dr. Reddy's treatment of the plaintiff. (Tr. at 20.)

Under these circumstances, the court cannot find error by the ALJ with respect to Dr. Reddy. See McCartey, 298 F.3d at 1075 (if "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm"). Accordingly, plaintiff's motion for summary judgment is denied as to the claim that the ALJ's treatment of Dr. Reddy's opinion constituted error.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

////

////

////

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the court cannot say that further proceedings would serve no useful purpose. In this regard, the record reflects conflicting medical opinion evidence as to the degree of plaintiff's impairment. And those opinions were rendered over the course of several years. Further proceedings would allow the ALJ to properly evaluate plaintiff's testimony and the medical opinion evidence to determine whether plaintiff is disabled and, if so, the date of onset.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 8) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 12) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

////

////

////

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 18, 2019

*[signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\olson0475.ord